<u>SETTLEMENT AGREEMENT AND RELEASE</u>

This June __, 2022 SETTLEMENT AGREEMENT AND GENERAL RELEASE (the "Agreement") is made and entered into between Plaintiff Carlos Salas and Defendants Leo's Bagels Hanover Square LLC, Mafujur Rahaman, Loreto Garcia and Adam Pomerantz, including their heirs, successors, and assigns (collectively "Defendants") (Plaintiff and Defendants, together, collectively the "Parties").

WHEREAS, on March 1, 2021, Plaintiff filed a Complaint in the United States District Court for the Southern District of New York, captioned Carlos Salas v. Leo's Bagels Hanover Square LLC, Ronnie Rahman, Lorenzo Doe and Adam Pomerantz (the "Action") asserting that Defendants (i) failed to pay him minimum wage and overtime, violating the FLSA and the New York Labor Law, and (iii) failed to provide him written wage statements, violating the New York Labor Law; and

WHEREAS, Defendants deny Plaintiff's claims and specifically deny that their conduct was in any way illegal, wrongful or improper; and

WHEREAS, the Parties desire to enter into this Agreement to fully and finally settle, resolve and dismiss with prejudice the Action and to fully and finally settle and resolve any and all other claims, complaints, charges and actions of any kind whatsoever, whether known or unknown, which Plaintiff may have against Defendants relating to his compensation in connection with his employment with Defendant Leo's Bagels Hanover Square LLC; and

WHEREAS, Defendants and Plaintiff have agreed to avoid further proceedings and to settle and resolve the claims asserted in the Action, and any other claims, complaints, charges and actions of any kind whatsoever, whether known or unknown, which Plaintiff may have against Defendants relating to his compensation in connection with his employment with Defendant Leo's Bagels Hanover Square LLC, to the fullest extent permitted by law and without any admission of liability or wrongdoing by any party and with no party considered to be a prevailing party.

NOW, THEREFORE, in consideration of the promises and covenants contained in this Agreement, the parties hereby agree as follows:

1. <u>No Admission</u>.  Nothing in this Agreement shall be deemed an admission by Defendants that they violated any law or any statutory, regulatory, or common law right of Plaintiff.  Defendants have agreed to pay the sums set forth in Paragraph 2 solely to avoid the burden, uncertainty, delay, expense and distraction of protracted litigation.

2. <u>Settlement Payment</u>.  In consideration for his General Release and his other promises and obligations in this Agreement, Defendants will pay Plaintiff the total, gross amount of $16,000 (the "Settlement Payment"), with payment to be made and forwarded within 10 calendar days of the Court's approval of this Agreement, as follows:

A. A check in the amount of ($9,600.00) shall be issued to Plaintiff Carlos Salas within 10 days of Court's approval of this settlement agreement.

B. A check in the amount of ($6,400.00) shall be issued to Plaintiff's attorney CSM Legal, P.C. within 10 days of Court's approval of this settlement agreement.

C. In the event of the settlement payment is not timely made as set forth in Section 2 (a)(b) above, Plaintiff shall provide written notice to Defendants' counsel via email and first class mail. Should the failure not be cured within ten (10) days of this Notice, Plaintiff shall have the right to pursue judicial enforcement of the terms of this Agreement. .

3. <u>Tax Forms and Tax Obligations on the Settlement Payment</u>.

a. Plaintiff shall be solely responsible for all tax obligations, including all payment obligations that may arise as a consequence of the payments described in Paragraph 2, and shall indemnify Defendants and hold them harmless from and against any and all losses, costs, damages or expenses, including attorneys' fees, interest, assessments, withholding and penalties, arising out of any dispute over the tax treatment of such payments or a failure by Plaintiff to pay any taxes required by law.

b. Plaintiff acknowledges that he is not relying on any tax advice nor has he received any from Defendants or Defendants' counsel on the tax treatment of the Settlement Payment.

c. When providing Defendants with the executed Agreement, Plaintiff and his counsel shall each provide to Defendants' counsel IRS Forms W-9. Defendants will provide Plaintiff and his counsel with Forms 1099 for the monies paid to each of them.

4. <u>Valid Consideration and No Other Compensation Due</u>. Plaintiff acknowledges that he is not entitled to the Settlement Payment absent executing this Agreement. Plaintiff further acknowledges and affirms that the Settlement Payment is the total amount due from Defendants in connection with his employment with Defendants, his separation therefrom, any other claims, complaints, charges or actions whatsoever, and the settlement of this matter, and Sterling hereby affirms that he is not owed or otherwise entitled to any other form of compensation or payment of any kind from Defendants.

5. <u>Dismissal of Complaint</u>. The receipt of the Settlement Payment is conditioned upon Plaintiff's execution of this Agreement, as well his prompt dismissal of the Action with prejudice. Plaintiff agrees to take all necessary steps or cause Plaintiff's Counsel to take such steps as are necessary to dismiss the Complaint with prejudice, including executing a Stipulation of Withdrawal in the form annexed to this Agreement as Exhibit A and providing a copy of the executed Stipulation to Defendants' Counsel when providing the executed Agreement to Defendants' counsel.

6. <u>Release by Plaintiff</u>.  In exchange for the Settlement Payment, Plaintiff, individually and on behalf of all of his heirs, executors, assigns and other representatives, hereby releases and forever discharges Defendants, their heirs, successors, assigns, agents, employees, and directors from any and all charges, claims, damages, injury and actions, whether in law or equity, whether known or unknown, for alleged unpaid compensation of any kind which Plaintiff or his heirs, successors, executors, or other representatives ever had, now have, or may have by reason of any act, omission, matter, cause or thing occurring on or prior to the date that Plaintiff executes this Agreement.

This release expressly includes, but is not limited to, any claim relating to unpaid overtime, untimely paid wages, and record keeping obligations. It likewise expressly includes, but is not limited to, any claims arising under the Fair Labor Standards Act and the New York Labor Law, as well as any claim for attorneys' fees.  Any breach by Plaintiff of this paragraph 6 shall be a material breach of this Agreement.

7. <u>No Pending Claims or Charges</u>. Plaintiff represents and warrants that, other than the Complaint, he has no claim, charge or complaint against Defendants, including but not limited to, claims arising out of or relating to his employment with Defendants or his separation therefrom or any other matter before any federal, state or local court or agency.

8. <u>No Rehire</u>. Plaintiff agrees that he shall not apply for, seek or accept future employment with Defendants. Defendants shall not have any obligation at any time in the future to consider Plaintiff for employment. Plaintiff agrees that, in the event Defendants hire her or contract with him in the future, upon discovery of his employment, his employment may be terminated immediately and he shall have no recourse. Defendants shall have the right to waive this paragraph, but only in writing and in its sole discretion.

9. <u>Non-Assignment and Liens.</u>  Plaintiff agrees that he has not assigned and will not seek to assign, including by way of subrogation, any released claim.  Plaintiff further affirms that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted that arise from or relate to the Action, the attorneys' fees, and the claims released in Paragraph 7. In the event that any action, demand or suit should be made or instituted against any person or entity because of any such purported assignment, lien, claim, demand, subrogation or transfer of a released claim, Plaintiff agrees to indemnify and hold harmless the released party or entity sued against such claim, action, suit or demand, including necessary expenses of investigation, attorneys' fees, and costs.

10. <u>Severability</u>. The provisions of this Agreement are severable, and if any part of it is found to be unlawful or unenforceable, the other provisions of this Agreement shall remain fully valid and enforceable to the maximum extent consistent with applicable law, except that if paragraph 5 or paragraph 6 is invalidated, this Agreement shall be null and void.

11.     <u>Knowing and Voluntary Agreement</u>. Plaintiff represents and agrees that he has read this Agreement, understands its terms, understands that he has the right to consult with counsel of choice and has consulted with his counsel, and enters into this Agreement without duress or coercion from any source.

12.     <u>Counter-execution and Filing of Stipulation of Discontinuance.</u>  Within 5 calendar days of the date of the court's approval of this Agreement, Defendants' counsel shall counter-execute the Stipulation of Withdrawal and file it with the Court.

13.     <u>Choice of Law</u>. This Agreement is governed in all respects by the laws of New York, without reference to New York's provisions for choice of law or conflict of law.

14.     <u>Enforcement of Agreement</u>. The parties agree that jurisdiction over any dispute under this Agreement is proper in New York state or federal courts.

15.     <u>Binding Effect</u>. This Agreement is binding upon, and shall inure to the benefit of, the parties and their respective heirs, executors, administrators, successors and assigns.

16.     <u>Entire Agreement</u>. This Agreement sets forth the entire understanding between Plaintiff and Defendants, and supersedes and replaces any prior agreements or understandings, express or implied, between Plaintiff and Defendants.  Plaintiff acknowledges that, in executing this Agreement, he does not rely upon any oral representation or statement by any representative of Defendants concerning the subject matter of this Agreement. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be made enforceable, such provision, excluding the general release set out in Paragraph 6, shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

17.     <u>Counterparts and Electronic Signatures</u>.  This Agreement may be executed by the parties individually in counterparts, each of which shall be deemed an original, and all of said counterparts taken together shall be deemed to constitute one and the same instrument. Signatures transmitted via email shall be treated as original, ink signatures.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the dates indicated below.

Date:  New York, New York
      __, 2022

_____
Carlos Salas

Date:  New York, New York

-5-

\_\_, 2022

Date: New York, New York
\_\_, 2022

_____
Adam Pomerantz

_____
Mafujur Rahaman

_____
Loreto Garcia

LEO'S BAGELS HANOVER SQUARE LLC

_____
By: Adam Pomerantz

June 15, 2022

_____
Adam Pomerantz

_____
Mafujur Rahaman

Date: New York, New York
      June 15, 2022

_____
Loreto Garcia

LEO'S BAGELS HANOVER SQUARE LLC

_____
By: Adam Pomerantz